

**NEW YORK CITY HOUSING AUTHORITY**
**LAW DEPARTMENT**
90 CHURCH STREET
NEW YORK, NY 10007

**NEW YORK CITY**
**HOUSING**
**AUTHORITY**

http:/nyc.gov/nycha

WRITER'S DIRECT LINE
(212) 306-8611

**LISA BOVA-HIATT**
Chief Executive Officer

**DAVID ROHDE**
Executive Vice President for Legal
Affairs and General Counsel

February 26, 2026

*VIA ECF*
Honorable Robert M. Levy
United States District Court, Eastern District of New York
225 Cadman Plaza East, Brooklyn, NY 11201

> Re:    *Christina Rosol v. New York City Housing Authority,*
> Civil Action No. 1:25-cv-04594 (RML)

Dear Judge Levy:

I am counsel for Defendant New York City Housing Authority ("NYCHA") in the above-referenced matter. In accordance with your Honor's Individual Rules, I write to respectfully request a pre-motion conference regarding NYCHA's anticipated motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

A. Factual Background/Plaintiff's Claims

Plaintiff Christina Rosol ("Plaintiff"), a former Housing Assistant at NYCHA's Todt Hill development, commenced this action in June 2025, when she filed the Complaint with the Southern District. *See* Complaint ("Compl.") [ECF No. 1]. The Complaint consists of a form Employment Discrimination Complaint, the Charge of Discrimination Plaintiff filed with the United States Equal Employment Opportunity Commission ("EEOC"), and the EEOC's Determination and Notice of Rights letter, dated June 6, 2025. *See id.* By order dated August 18, 2025, Judge Jesse Furman transferred the case to the Eastern District. [ECF No. 9].

In the form Complaint, Plaintiff alleges NYCHA intentionally discriminated against her on the basis of her sex (female) and national origin (Egyptian), created a hostile work environment, and retaliated against her, in violation of Title VII of the Civil Rights Act ("Title VII"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). The facts alleged in the form complaint consist, in their entirety, of the following cursory statements: "from first day to work a manager gave me a hard time"; "she don't want me in the office and another Housing Assistant he touched me a couple of times"; "when I complained to manager she gave me a bad evaluation and damaged me and finally, terminated me." Compl. at 5. In the EEOC Charge annexed to the Complaint, Plaintiff alleges that on or around July 13, 2023, she told her coworker, Alfredo Perez ("Perez"), to be careful after he touched her breast, and she stated she would complain if he did it again. However, Perez

1

reported to their supervisor, Nicole Casertano ("Casertano"), that he was trying to help Plaintiff but Plaintiff then became violent. Plaintiff alleges she told Casertano what really happened, but she was reprimanded and given a negative performance evaluation. *See* Compl. at 11. Plaintiff also alleges Perez "is rude and stated that my English is bad in regard to my accent." *See* Compl. at 11.

Plaintiff also provides her birth year in the portion of the Employment Discrimination Complaint form dedicated to the ADEA, though she does not check the box on the form indicating that she wishes to proceed under that statute or allege any facts related to age. However, Plaintiff failed to include age in her EEOC Charge and thus failed to exhaust her administrative remedies regarding that protected class. *See* Compl.

### B. Summary of Anticipated Arguments for Dismissal

To survive a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must plead facts sufficient to "state a claim that is plausible on its face." *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). For a claim to be plausible, the complaint must contain "enough facts to raise a reasonable expectation that discovery will reveal evidence" to support the plaintiff's claims. *See id.* at 556. Notwithstanding the Court's duty to liberally construe pro se complaints, "the duty to liberally construe a plaintiff's complaint is not the equivalent of a duty to re-write it." *Baez v. Amazon.com Servs.*, LLC, 659 F. Supp. 3d 339, 347 (E.D.N.Y. 2023) (internal citation omitted).

#### a. The Court Should Dismiss Plaintiff's Discrimination Claims for Failure to State a Claim

Title VII claims for sex or national origin discrimination require that Plaintiff (1) belonged to a protected class; (2) was qualified for the position, and (3) suffered an adverse employment action, (4) under circumstances giving rise to an inference of discriminatory intent. *See Gordon v. APS Contractors Inc.*, No. 21-CV-00259-WFK-JRC, 2023 U.S. Dist. LEXIS 46474, at *14 (E.D.N.Y. Mar. 20, 2023) (as to national origin discrimination); *Ruiz v. Cty. of Rockland*, 609 F.3d 486, 491 (2d Cir. 2010) (as to sex discrimination). Plaintiff fails to raise any allegations suggesting she suffered an adverse employment action <u>because of</u> her sex or national origin.

#### b. The Court Should Dismiss Plaintiff's Hostile Work Environment Claims for Failure to State a Claim

Title VII hostile work environment claims based on sex or national origin require conduct to be (1) objectively severe or pervasive; (2) subjectively perceived as hostile; and (3) because of the plaintiff's protected class. *See Richards v. N.Y.C. Health & Hosps. Corp.*, No. 21-CV-6027 (PKC) (MMH), 2023 U.S. Dist. LEXIS 203834, (E.D.N.Y. Nov. 14, 2023) (based on national origin); *Patane v. Clark*, 508 F.3d 106, 113 (2d Cir. 2007) (based on sex).

In support of her sex-based hostile work environment claim, Plaintiff alleges Perez twice touched her breast on the same day. Although she provides no details about the incident, she

claims she told Perez to be careful, which reveals she was aware the alleged touching was not purposeful. Two incidents of harmless and accidental non-sexual physical contact with a coworker are not sufficient to establish a hostile work environment. *See Quinn v. Green Tree Credit Corp.,* 159 F.3d 759, 768 (2d Cir. 1998) (supervisor touching plaintiff's breasts with papers he was holding not severe enough to constitute hostile work environment); *Ferrando-Dehtiar v. Anesthesia Grp. Of Albany, P.C.*, 2024 U.S. Dist. LEXIS 57267, at *10 (N.D.N.Y. Mar. 29, 2024) (no hostile work environment under NYSHRL where supervisor put his arm around plaintiff's waist and grabbed her buttocks); *Domingo v. Avis Budget Grp. Inc.*, 2020 U.S. Dist. LEXIS 27503, at *3-4 (E.D.N.Y. Feb. 17, 2020) (dismissing hostile work environment claim where "allegation that [a coworker] touched plaintiff's buttocks . . . although reprehensible, . . . was not extraordinarily severe"). Plaintiff has not alleged facts that show Perez's conduct was deliberate, let alone objectively severe or pervasive. Instead, insofar as her response to the interaction was to warn him to be careful going forward, and she did not purport to complain about the touching until after Perez first complained about her, it is clear from the pleadings that she did not perceive the interaction to be hostile.

Plaintiff also alleges Perez "stated that my English is bad in regard to my accent." *See* Compl. at 11. Notwithstanding that Plaintiff, in her own words, subjectively found Perez's comment to be "rude" rather than hostile, courts in the Second Circuit require additional forms of ethnic hostility as evidence that "… employees used language as a surrogate for discrimination based on national origin …." *See Gordon,* 2023 U.S. Dist. LEXIS 46474, at *17. Alfredo's one alleged statement about Plaintiff's accent is neither severe nor pervasive under Title VII, and Plaintiff has not alleged additional forms of hostility related to her national origin such that the isolated petty slight she attributes to Perez could serve as the basis for a claim under the NYSHRL or NYCHRL.

   c. The Court Should Dismiss Plaintiff's Retaliation
     Claims for Failure to State a Claim

Retaliation under Title VII requires (1) participation in protected activity that was known to the defendant; (2) an adverse employment action; and (3) a causal connection between the activity and employment action. *See Green v. Mount Sinai Health Sys.*, 826 F. App'x 124, 125 (2d Cir. 2020).

Plaintiff fails to state sufficient facts to connect her alleged protected activity (apparently her complaint to Casertano that Perez touched her breast) and any adverse employment action. Plaintiff concedes that Casertano gave her a "hard time" from Plaintiff's first day of work, which necessarily would have predated any protected activity. Further, Plaintiff concedes Casertano gave her a negative evaluation based on her failure to submit five annual reviews on a daily basis, which she seems to acknowledge she did not do. To the extent Plaintiff is relying on temporal proximity in support of her retaliation claim, she does not indicate when she complained about discrimination, when she received a negative evaluation, or when she was terminated.

For the foregoing reasons, NYCHA respectfully requests the Court grant a pre-motion conference for NYCHA's anticipated Rule 12(b) motion to dismiss.

Respectfully submitted,

Robert S.G. Kline
New York City Housing Authority
Law Department
90 Church Street, 11th Floor
New York, NY 10007
(212) 776-8611
Robert.Kline@nycha.nyc.gov